IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| MARVIN FLOYD, | : | CIVIL ACTION |
|---|---|---|
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | NO. 19-637 |
| NANCY A. BERRYHILL, | : | |
| Defendant. | : | |

**MEMORANDUM OPINION**

**Timothy R. Rice**                                                                               September 4, 2019
**U.S. Magistrate Judge**

Plaintiff Marvin Floyd alleges the Administrative Law Judge ("ALJ") who found he was not disabled erred by failing to support several of her determinations with substantial evidence. Pl. Br. (doc. 15) at 10-19. He also challenges the constitutionality of her appointment. Id. at 9-10. He contests, however, the Commissioner's Motion to Remand, contending that I should award benefits instead of returning his case for further consideration. Id. at 20-22.

I agree that Floyd's ALJ was unconstitutionally appointed. See McWilliams v. Berryhill, No. 18-5180, 2019 WL 2615750, at *3 (E.D. Pa. June 25, 2019) (citing Lucia v. S.E.C., 138 S. Ct. 2044, 2055 (2018)). Courts can award benefits to claimants who are clearly entitled to them "only when the administrative record of the case has been developed fully and when substantial evidence on the record as a whole indicates that the claimant is disabled and entitled to benefits." Bordes v. Comm'r of Soc. Sec., 235 F. App'x 853, 861 (3d Cir. 2007) (citing Newell v. Comm'r of Soc. Sec., 347 F.3d 541, 545 (3d Cir. 2003)).

Cases determined by unconstitutionally appointed ALJs are remanded because they are a legal nullity; the ALJs lacked legal authority to decide them in the first place. McWilliams, 2019

WL 2165750 at *3. That nullification, however, extends to all of the factual and legal determinations in the record, not just to those with which the claimant disagrees.

To award Floyd benefits while finding in his favor on the Lucia claim, I would have to find some of the determinations made by his unconstitutionally appointed ALJ invalid, but rely on others to support his award. Bordes, 235 F. App'x at 861. Otherwise, I would have to render a full administrative determination myself.

This is simply not authorized by Congress's jurisdictional statute, which limits courts to "affirming, modifying, or reversing" ALJ decisions. 42 U.S.C. § 405(g). If those decisions are legal nullities, there is nothing to "affirm[], modify[] or revers[e]," and the case must be remanded before its merits can be addressed. For example, Floyd contests many of the ALJ's factual determinations, including whether he has a high school education, whether he has limitations in his adaptive functioning, and whether he meets the B criteria for Listing 12.05, which ALJs determine by applying the psychiatric review technique to the record before them. Pl. Br. at 5-8. Even if I were to agree with all of those critiques, however, making a benefits determination would require me to revisit other factual determinations which Floyd did not contest, including, e.g., that he met the requirements for legally insured status as of the time of his application, that he did not engage in substantial gainful activity after February 2014, and that he suffered from severe impairments which include cardiomyopathy, obesity, an affective disorder, and an intellectual disorder. R. at 15; see also 20 C.F.R. § 404.1520(a)(4)(i)-(v), (outlining the five-step analysis required to award or deny benefits).

Floyd was not required to challenge the legal authority of the ALJ; he could have challenged only the merits of her opinion. Once he has made a constitutional challenge, however, he cannot at the same time contend that, if and only if I agree with him on the merits of

his claim, he is willing to overlook the unconstitutionality of her appointment. Because the constitutionality of ALJ appointments affects the validity of the underlying proceeding, it is a threshold issue that must be addressed before a claimant's other arguments. McWilliams, 2019 WL 2615750, at *2).

    An appropriate Order accompanies this Opinion.

ENT'D SEP 0 4 2019